SEYMOUR, Plaintiff,

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, Defendant.

2005-Ohio-2125.]

Court of Claims of Ohio.

No. 2001–09869.

Decided April 19, 2005.

Richard F. Swope, for plaintiff.

Jim Petro, Attorney General, and William C. Becker, Assistant Attorney General, for defendant.

***

LARSON, Magistrate.

{¶ 1} On March 9, 2005, this matter came to trial on the issue of damages. The court had previously rendered judgment in favor of plaintiff on the issue of liability; however, it was also determined that plaintiff's recovery should be reduced by 40 percent to account for his own contributory negligence.

{¶ 2} By agreement of the court and counsel, the record of the damages trial was left open for 30 days to allow plaintiff's counsel to submit additional medical records. The additional records were filed with the court on April 4, 2005. Pursuant to the agreement, the additional records have been marked as Plaintiff's Exhibit 2(b) and are hereby admitted into evidence.

{¶ 3} Plaintiff sustained personal injury on April 8, 2000, while in the custody and control of defendant pursuant to R.C. 5120.16. At the time, plaintiff was operating a Hobart vegetable slicer, which, this court has determined, he had not been adequately trained to use. As a result, plaintiff severed the tips of two of his fingers while feeding vegetables into the machine.

{¶ 4} In support of his claim for damages, plaintiff presented the testimony of inmate Albert Mullins (a co-worker at the time of the incident), his own testimony, and his various medical records. Upon review of all of the evidence, the court makes the following recommendation.

{¶ 5} The court found the testimony of both plaintiff and inmate Mullins to be credible and persuasive. Based upon that testimony and the information contained in the medical records, the court finds that plaintiff suffered a traumatic injury and that the injury is disfiguring, permanent in nature, and at least partially debilitating. The injury was complicated by the regrowth of fingernails on the tips of the fingers that had been disfigured. The regrowth problem does not appear from the evidence to be unusual for the type of injury sustained; however, the problem did result in additional pain, surgeries, treatment, and convalescence. Plaintiff did not suffer employment loss during his time in prison, and the evidence as to any future work loss was entirely speculative. Therefore, the court cannot award damages for any current or future work loss claimed by plaintiff.

{¶ 6} The court finds that plaintiff's total damages in this case, which include, but are not limited to, past and future pain and suffering, disfigurement, physical impairment, and interference with plaintiff's ability to perform usual activities, amount to $25,000. Pursuant to R.C. 2315.19, plaintiff's damages shall be reduced by $10,000, which represents his 40 percent contributory negligence.

{¶ 7} Accordingly, judgment is recommended in favor of plaintiff in the amount of $15,025, which includes the $25 filing fee.